# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10533

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2020

Lyle W. Cayce
Clerk

PAUL EUGENE LAWSON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:19-CV-16

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Paul Eugene Lawson, Texas prisoner # 675063, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application challenging a prison disciplinary proceeding. Lawson also seeks this court's leave to appeal in forma pauperis (IFP). He argues that the disciplinary hearing officer violated his due process rights and that the district court erred in finding that, because he was ineligible for release to mandatory supervision,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10533

he had no protected liberty interest in his earned good-time credits. He also argues that the district court erred in denying two motions to intervene and a "motion to join the real party in interest."

A COA will issue if a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If, as here, the district court denies relief on the merits, a movant must establish that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Lawson has not made the required showing. Accordingly, his motion for a COA is DENIED. *See id.* His appeal of the district court's denial of his motions to intervene and to join the real party in interest is DISMISSED as moot. *See Info. Commc'n Corp. v. Unisys Corp.*, 181 F.3d 629, 634 (5th Cir. 1999). The IFP motion is DENIED.